Grigor **AVETISYAN**, Petitioner,

v.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–73860.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

James L. Rosenberg, Esq., James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, OIL, Margaret Perry, Esq., Jacqueline Dryden, R. Lynne Harris, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

### MEMORANDUM \*\*\*

Grigor Avetisyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

affirming the Immigration Judge's denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture. We review for substantial evidence an adverse credibility finding, *see Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the BIA's determination that Avetisyan failed to file his application for asylum within one year of his arrival in the United States, *see* 8 U.S.C. §§ 1158(a)(2)(B), (a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001), or that extraordinary circumstances excused the late filing, *see Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002).

■ We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of withholding of removal. The BIA provided specific, cogent reasons for questioning Avetisyan's credibility and Avetisyan failed to present sufficient corroborating evidence to support his claim. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000). The BIA questioned Avetisyan's credibility because of pivotal omissions within his initial asylum application, inconsistencies between Avetisyan's testimony and his brother's testimony and discrepancies in a medical document. Because Avestisyan failed to provide easily available corroborating evidence or offer a credible explanation for its absence, he has failed to establish eligibility for withholding of removal. *See id.; Wang v. INS,* 352 F.3d 1250, 1258 (9th Cir.2003) (unless facts compel a finding of credibility, then agency adverse credibility finding should stand).

■ Avetisyan did not challenge the BIA's denial of CAT relief and therefore waived this issue. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**